UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

OMAR CHUKWUEZE,                                    :
                                                   :
                                Plaintiff,         :
                                                   :
                   -v-                             :           10 Civ. 8133 (JMF)
                                                   :
NYCERS,                                            :           MEMORANDUM
                                Defendant.         :        OPINION AND ORDER
                                                   :
-------------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 11/01/2013

JESSE M. FURMAN, United States District Judge:

      This employment discrimination case, filed on October 26, 2010, stems from Plaintiff

Omar Chukwueze's employment as an Assistant Retirement Benefits Manager at the New York

City Employees' Retirement System ("NYCERS") from September 18, 2006, until his

termination on January 21, 2009.  (Docket No. 7).  On August 23, 2013, Plaintiff moved for

leave to file a second amended complaint adding claims against NYCERS under the New York

State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and the New York City Human

Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107, and claims against his former

supervisor, Michelle Gaddy, under both those laws and Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e *et seq.*  In addition, Chukwueze seeks to enjoin Defendant NYCERS from

retaliating against him.  (Docket No. 51).

      Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the

opposing party's written consent or the court's leave.  The court should freely give leave when

justice so requires."  Fed. R. Civ. P. 15(a)(2).  Accordingly, "[t]he Second Circuit has held that a

Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of

the amendment, and perhaps most important, the resulting prejudice to the opposing party."

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam)

(internal quotation marks omitted).  The party opposing a motion to amend bears the burden of

establishing that an amendment would be futile.  *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No.

12 Civ. 5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013).  An amendment is not

"futile" if it could withstand a motion to dismiss under Rule 12(b)(6).  *See, e.g.*, *Anderson News,*

*L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).  Thus, a court must accept the facts

alleged by the party seeking amendment as true and construe them in the light most favorable to

that party.  *Aetna*, 404 F.3d at 604.  A proposed claim or defense is futile if it does not "plausibly

give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Applying these standards here, Plaintiff's motion to amend is DENIED on the ground of

futility.  First, Plaintiff's proposed claims under the NYSHRL and the NYCHRL are futile

because any such claims are time barred.  The statute of limitations for actions under both

statutes is three years.  *See, e.g.*, *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d

Cir. 2007).  As Plaintiff was terminated from his employment with Defendant in January 2009,

he would have had to bring any claim under the NYSHRL or NYCHRL by January 2012 at the

latest; having failed to do so, he cannot bring them now.  *See id.* at 238-39.[1]  Second, even

assuming that Plaintiff could properly add a new defendant at this stage of the case (which has

now been pending for over three years and which is nearing the end of discovery), there is no

basis to add claims under Title VII against Gaddy, because individuals — even supervisors —

---

[1]     In his reply brief, Plaintiff — who is now represented by counsel — appears to make
reference to the fact that in early August 2013, just before obtaining counsel, he asked the Court
for permission to add claims under the NYSHRL and the NYCHRL.  (Reply Mem. 2-3).  The
letter itself, however, was filed well after the statute of limitations had run.  (Docket No. 44).

are not subject to suit under Title VII.  *See, e.g.*, *Mandell v. Cnty. of Suffolk*, 316 F.3d 368, 377

(2d Cir. 2003) ("[U]nder Title VII individual supervisors are not subject to liability.").[2]

As noted, Plaintiff also moves to enjoin Defendant from retaliating against him.

Plaintiff's arguments on this score are anything but clear, but there is plainly no basis for

injunctive relief, let alone basis for such relief at this stage of the proceedings.  First, no

injunction is necessary because retaliation is already prohibited by law.  Second, Plaintiff has not

— through competent evidence — demonstrated a likelihood of success on the merits of his

claim, but merely makes conclusory assertions that he has been retaliated against for engaging in

protected activity.  (Moreover, most, if not all, of those claims relate to his employment and

treatment by TRS, which is a separate entity from NYCERS.)  Finally, the harm alleged by

Plaintiff is the loss of employment, which can be remedied through an award of money damages.

For each of those reasons, Plaintiff's request for injunctive relief is DENIED.  *See, e.g.*, *UBS*

*Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) ("A preliminary

injunction is an extraordinary remedy never awarded as of right.  To prevail on [a] motion for a

preliminary injunction, . . . [a party must] demonstrate (a) irreparable harm and (b) either (1)

likelihood of success on the merits or (2) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly toward the

party requesting the preliminary relief." (internal quotation marks and citations omitted))

---

[2]     Some of Plaintiff's allegations appear to relate to his treatment by or at New York City
Teachers' Retirement System ("TRS"), where he was employed after his termination by
NYCERS.  Although he does not appear to be seeking leave to add TRS as a party, any such
request would be denied given the stage of this litigation and the tenuous connection, if any, to
Plaintiff's claims against NYCERS.  *See, e.g.*, *Finley v. Giacobbe*, 79 F.3d 1285, 1298 (2d Cir.
1996) (stating that "it was well within the district court's discretion to deny leave to add a new
defendant after more than a year of litigation").

For the foregoing reasons, Plaintiff's request for leave to amend his complaint and to add a party and his request for injunctive relief are DENIED.  The Clerk of Court is directed to terminate Docket No. 51.

SO ORDERED.

Dated: November 1, 2013
      New York, New York

JESSE M. FURMAN
United States District Judge